CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 09 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSEPH EDISON BRIDGES, ) | |
|     Petitioner, ) | Civil Action No. 7:08cv000613 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| GENE M. JOHNSON, ) | By: Samuel G. Wilson |
|     Director, Va. Dept. of Corrections, ) | United States District Judge |
|     Respondent. ) | |

In this pro se petition for habeas corpus pursuant to 28 U.S.C. § 2254, petitioner Joseph Edison Bridges maintains that the Circuit Court of Franklin County, Virginia impermissibly imposed $3,500 in court costs as part of his sentence and that his counsel rendered ineffective assistance on direct appeal with respect to that issue. Respondent has moved to dismiss these claims. Because Bridges only challenged the imposition of court costs on a state-law basis in his state-court filings, his attempt to now assert a federal challenge in this court renders his court costs claim unexhausted. Because he can no longer challenge the imposition of court costs on federal grounds in the Virginia courts, that claim is also procedurally defaulted, and Bridges cannot avoid this default through his ineffective assistance of counsel claim because, even assuming deficient performance, he has shown no resulting prejudice. Accordingly, the court dismisses his costs claim on procedural default grounds and rejects his ineffective assistance claim on the merits. Alternatively, the court dismisses both claims because they are unrelated to the lawfulness of his custody and therefore not cognizable in a petition for habeas corpus.

I.

A jury in the Circuit Court of Franklin County found Bridges guilty of voluntary manslaughter and unlawful shooting into an occupied vehicle, and recommended sentences of ten

years and five years, respectively. The Circuit Court sentenced Bridges to fifteen years in prison and ordered him to pay $3,500 in court costs to the Criminal Injuries Compensation Fund, the amount that fund had paid the victim's estate for funeral expenses.

Bridges appealed the imposition of court costs on the ground that the Circuit Court's order violated Virginia law. The Court of Appeals of Virginia affirmed. <u>Bridges v. Commonwealth</u>, No. 2226-04-3, 2005 WL 3369196 (Va. Ct. App. Dec. 13, 2005). Bridges did not appeal, but he later alleged in his first habeas corpus petition in the Supreme Court of Virginia that his counsel's failure to appeal constituted ineffective assistance. The Supreme Court of Virginia granted Bridges a delayed appeal. On the direct appeal, however, it affirmed the decision of the Court of Appeals.

Bridges then filed a second habeas corpus petition in the Supreme Court of Virginia, again bringing his court costs claim and also alleging that he received ineffective assistance of counsel because his attorney failed to properly present the court costs issue on direct appeal. The Supreme Court of Virginia dismissed the petition, finding that neither claim was cognizable in a habeas corpus petition because neither claim affected the lawfulness of his immediate custody. In turn, Bridges filed a federal habeas corpus petition, challenging on federal constitutional grounds the imposition of court costs and claiming that he received ineffective assistance of counsel in relation to that claim.

## II.

As a threshold matter, the court notes that Bridges has failed to exhaust available state remedies for the court costs claim as he now attempts to position it, as a federal constitutional claim. Because Virginia law now bars Bridges from bringing a subsequent petition for habeas

2

corpus, that claim is also procedurally defaulted, and this court may grant habeas relief only if Bridges shows cause and prejudice to excuse his procedural default. Though a valid, nondefaulted ineffective assistance of counsel claim may excuse procedural default, Bridges has not established such a claim. Consequently, his procedural default bars this court from considering the claim on the merits.

### A.

As 28 U.S.C. § 2254(b) requires, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." To exhaust a claim, state habeas petitioners must fairly present the substance of their claims to state courts, including the legal grounds of his complaint and the underlying facts. Picard v. Connor, 404 U.S. 270, 277 (1971). Fair presentation requires more than "a general appeal to a constitutional guarantee," Gray v. Netherland, 518 U.S. 152, 163 (1996), or "[o]blique references which hint that a theory may be lurking in the woodwork." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Rather, state habeas petitioners "must . . . explain how [the underlying facts alleged] establish a violation of his constitutional rights," Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994), so that "[t]he ground relied upon [is] . . . presented face-up and squarely; the federal question [is] . . . plainly defined." Matthews, 105 F.3d at 911.

Bridges's state-court filings include only general references to federal law and do not explain how, in his view, the imposition of court costs in his case could violate the Constitution or federal law. Therefore, Bridges has failed to fairly present the substance of his federal-law court costs claim to the Virginia courts, rendering his claim unexhausted.

3

## B.

Since Virginia law prohibits Bridges from presenting his newly positioned federal court costs challenge in Virginia courts, see Va. Code Ann. § 8.01-654 ("No writ [for habeas corpus] shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition"), the claim is also procedurally defaulted.

This court may consider the petition, however, if Bridges shows cause and prejudice to excuse his procedural default. Generally, "cause" requires a showing "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). "Prejudice" requires a showing that the alleged constitutional violation actually and substantially disadvantaged the petitioner, infecting his entire trial with constitutional error. Id. at 494. A valid, nondefaulted ineffective assistance of counsel claim can constitute cause and prejudice, thereby excusing procedural default. Edward v. Carpenter, 529 U.S. 446, 451-52 (2000). Counsel is deemed ineffective if the petitioner shows both deficient performance and a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 694 (1984). When determining prejudice, the court "should proceed on the assumption that the decisionmaker is reasonably, conscientiously, and impartially applying the standards that govern the decision." Id. at 695.

Bridges's federal habeas petition merely alleges that his counsel was ineffective because she did not provide sufficient legal citation to support his appeal. Even assuming deficient performance, Bridges has not established prejudice because he has not shown a reasonable probability that a reasonable, conscientious, and impartial decisionmaker would have declined to

4

require him to pay the funeral expenses of his victim, whether under the general restitution provisions of Virginia law or under the specific Criminal Injuries Compensation Fund provisions.[1]

### III.

Alternatively, the court finds Bridges's claims are not cognizable in a petition for habeas corpus because they do not relate to his custody.[2] Bridges alleges that imposing $3,500 in court costs is fundamentally unfair and goes beyond the jury's verdict and therefore violates his Fifth, Sixth, Eighth, and Fourteenth Amendment rights. He further alleges that his counsel was ineffective in failing to cite adequate authority to support his court costs challenge in the Court of

---

[1] To the extent Bridges now alleges that his counsel was ineffective because she failed to challenge the Circuit Court's order on federal-law grounds, that claim is also unexhausted and procedurally defaulted because he did not raise it in his state-court filings. Procedural default is not excused by ineffective assistance because, even assuming deficient performance, Bridges cannot establish prejudice: The Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), would not apply to court costs because they have no statutory maximum. See United States v. Rattler, 139 Fed. Apex. 534, 536 (4th Cir. 2005) (rejecting the argument that the amount of restitution owed to victims of a crime must be submitted to a jury); United States v. Carruth, 418 F.3d 900, 904 (8th Cir. 2005) ("Those circuits that have squarely addressed the question of whether Apprendi and Blakely apply to restitution orders have decided that they do not because there is no prescribed statutory maximum."); Dohrmann v. United States, 442 F.3d 1279, 1281 (11th Cir. 2006) (collecting cases); see also United States v. Alamoudi, 452 F.3d 310, 315 (4th Cir. 2006) (finding that "an order authorizing forfeiture of *substitute* assets . . . does not require a jury determination because it does not at all increase the amount of forfeiture"); People v. Martin, 271 N.W. 2d 815, 847 (Mich. Ct. App. 2006) (dismissing an Apprendi challenge to a Michigan law permitting trial courts to require defendants to pay the costs of investigation and prosecution based on the judge's findings of fact, because such orders are an indeterminate sentencing system not subject to Apprendi, and because that penalty concerns sentencing, not the elements of the crime).

[2] Since "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State," 28 U.S.C. § 2254, this court may proceed to the merits of Bridges's claims despite his failure to exhaust.

5

Appeals of Virginia. Respondent argues that Bridges's claims are not cognizable in a federal habeas petition because they do not affect his custody. The court agrees with Respondent.

District courts may entertain a habeas corpus petition on behalf of a state prisoner "only on the ground that he is in custody in violation of the Constitution or the laws or treaties of the United States." 28 U.S.C. § 2254. The plain language of the statute "link[s] the court's ability to entertain a habeas petition to the particular relief sought," therefore foreclosing "pendent jurisdiction" over habeas challenges unrelated to the petitioner's custody. Virsnieks v. Smith, 521 F.3d 707, 721 (7th Cir. 2008). Though "habeas corpus relief is not limited to immediate release from illegal custody, but . . . is available as well to attack future confinement and obtain future releases," Preiser v. Rodriguez, 411 U.S. 475, 487 (1973), monetary punishment alone does not constitute custody when the petitioner has alleged neither that non-payment will result in his incarceration, Wright v. Bailey, 544 F.2d 737, 739 (4th Cir. 1976); Holt v. Virginia, 567 F. Supp. 210, 213 (W.D. Va. 1983), nor that his release from confinement is conditional on payment of the fine, Alexander v. Johnson, 742 F.2d 117, 126 (4th Cir. 1984), nor that he will be entitled to a refund upon a granting of the writ, Nakell v. Att'y Gen. of N.C., 15 F.3d 319, 322 (4th Cir. 1994). This rule applies to ineffective assistance claims based on counsel's failure to appeal or challenge aspects of criminal proceedings that do not affect custody. Weaver v. Dir. Va. Dep't Corr., No. 3:07cv461-HEH, 2008 WL 4389044, at *6 (E.D. Va. Sept. 26, 2008).

Therefore, under the plain language of 28 U.S.C. § 2254, this court may not entertain Bridges's application for a writ of habeas corpus. Though Bridges is factually in state custody because he is currently serving his sentence, his court costs claim and his related ineffective assistance claim are unrelated to his custody.

## IV.

For the foregoing reasons, the court **DISMISSES** Bridges's petition. The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the petitioner.

**ENTER:** This 9th day of April 2009.

_____
UNITED STATES DISTRICT JUDGE